BOEHM, J.,
concurring in result.
I concur in the majority opinion with a single exception. The majority allows that the Webb v. Jarvis three factor framework may be a useful tool to analyze whether a duty exists or not. This case is, in my view, a good example of how the Webb framework generates more confusion than light, and I am pleased that the Court recognizes that Webb analysis is not always useful. But I do not share the view that it is ever helpful. As I see it, asserting the defendant has a duty to the plaintiff is nothing more than a statement that there is no legal bar to recovery on the plaintiffs claim. The majority's analysis here, which I join, is that in this case there is a reason why the plaintiff may not re *1126 cover, namely, that recovery is inconsistent with a comprehensive legal scheme designed to regulate the defendant's industry.
My specific complaint about Webb is that it identifies "foreseeability" as one of the three factors the courts are to evaluate in deciding whether the defendant has a duty to the plaintiff. But whether the plaintiff's injury was reasonably foreseeable by the defendant under the facts of the case is ordinarily a component of breach because the ultimate test of negligence is typically whether the defendant acted reasonably under all the circumstances. Moreover, foregeeability of injury arising from a defendant's act or omission is also relevant to the scope of liability the law will impose on the defendant. This component of ordinary tort liability is usually lumped together with causation-in-fact under the rubric of proximate cause. I have tried to spell out some of the pernicious consequences of this confusion in Theodore R. Boehm, A Tangled Webb-Reexamining the Role of Duty in Indiana Negligence Law, 37 Ind. L. Rev. 1 (2003).
I have been hoping for a case that would permit me to address this issue in a mode that would attract the attention of at least two of my colleagues, but must be content with leaving them with this small soupcon of the delights that await them in untangling this Webb.